945 F.2d 418
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Franklin D. BEASLEY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3286.
 United States Court of Appeals, Federal Circuit.
 Sept. 26, 1991.
 
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The order of the Merit Systems Protection Board (Board) in docket No. CH08319010318, sustaining the reconsideration decision of the Office of Personnel Management (OPM) that denied the petitioner a discontinued service retirement annuity, is affirmed.
 
 OPINION
 
 2
 1. In July 1982, the petitioner Beasley, a GM-511-13 Audit Manager in Illinois, was told that his position had been designated for transfer to California and that he had a choice of making the transfer, remaining in Illinois at a Grade 12 position, or resigning. Beasley rejected all of these options and instead applied for discontinued service retirement and requested an advisory opinion from OPM as to his eligibility for such retirement.
 
 
 3
 In September 1982, OPM ruled that he was not eligible for discontinued service retirement, on the ground that he had executed a geographic mobility agreement in which he agreed to accept reassignment outside of his commuting area. (OPM later determined that no mobility agreement was in effect in 1982.)
 
 
 4
 Beasley continued to work in his position. In June 1983, the agency cancelled its prior transfer notification to Beasley and again directed his reassignment. In November 1983, it proposed to remove him for refusing the transfer, and again offered him a position in Illinois at Grade 12. When Beasley rejected the transfer or remaining at a lower grade, the agency removed him effective January 13, 1984. He applied again for discontinued service retirement in December 1984.
 
 
 5
 OPM denied Beasley discontinued service retirement. It held that he was not eligible for an annuity in 1982 because he was not separated from service until 1984. It held that he was not eligible in 1984 because the discontinued service retirement law had been amended in 1982 to deny annuities to otherwise eligible employees who declined reasonable offers of employment not lower than two grades or pay levels below their current positions (Omnibus Budget Reconciliation Act of 1982, Pub.L. No. 97-253, § 308(a), 96 Stat. 763, 798 (codified as amended at 5 U.S.C. § 8336(d) (1988))), and Beasley had declined a reasonable offer within his commuting area of one grade below his current position.
 
 
 6
 The Board sustained OPM's denial of discontinued service retirement. It held that to have qualified in 1982, Beasley must have been involuntarily separated at that time and that he, in fact, was not separated until 1984; and that the latter separation did not qualify him for an annuity because the agency had offered him a job at the same location that was one grade lower than his existing position.
 
 
 7
 2. Beasley first contends that the Board erred in holding that for him to have been qualified for discontinued service retirement in 1982, he must have been involuntarily separated at that time. He relies on the following language from the Federal Personnel Manual (FPM) Supplement, in effect in 1982:
 
 
 8
 It is not always necessary that an actual separation from Government employment be directed. However, an employee must have definite knowledge from a specific written notice that he or she faces involuntary separation from his or her position or from Federal service as of some specific date because of coming organizational changes before his or her resignation may be accepted as involuntary and qualifying for discontinued service retirement.
 
 
 9
 FPM Supp. 831-1, subch. S11-2(b) (September 21, 1981). Although this section recognized that actual separation need not always be directed, it required that notice of involuntary separation as of a specific date was necessary to make a resignation involuntary. The Board justifiably concluded that Beasley neither resigned from service in 1982 nor was given notice of involuntary separation "as of some specific date."
 
 
 10
 Alternatively, Beasley claims that he resigned in 1982 when he declined the transfer to California and applied for retirement. Beasley, however, continued in his position until January 13, 1984--conduct that was inconsistent with his claim that he resigned in 1982.